**Delwood C. COLLINS, Plaintiff,**

v.

**Manuel Marina MARTINEZ, et al., Defendants.**

**Civ. No. 86–1095 (JP).**

United States District Court, D. Puerto Rico.

Nov. 20, 1990.

María H. Sandoval, Nachman & Fernandez–Sein, Santurce, P.R., for plaintiff.

Juan A. Moldes–Rodríguez, San Juan, P.R., for defendant University of Puerto Rico Central Admin.

Ismael E. Marrero, Hato Rey, P.R., for defendants Kessler, Williams and Torres.

Rubén T. Nigaglioni, Ledesma, Palou & Miranda, Hato Rey, P.R., for other defendants.

## OPINION AND ORDER

PIERAS, District Judge.

The court has before it plaintiff's Supplemental Motion for an Award of Attorney's Fees and Supplemental Bill of Costs, Made Pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920, and the defendant's Opposition thereto. The parties came before the Court on November 2, 1990 for a Hearing on Attorney's Fees. At the hearing, the parties stipulated to the rate of $125.00 per hour for 285¼ hours of Nilda Sandoval, Esq.'s work. The plaintiff has requested $36,906.25 in attorney's fees ($27,793.75 trial work and $9,112.50 appellate work) and $6,239.69 in costs ($3,311.45 trial work and $2,928.24 appellate work). The suit against Manuel Martínez involved legal research regarding four causes of action: 1) breach of employment contract; 2) tortious interference with contractual relations; 3) defamation; and 4) violation of due process pursuant to 42 U.S.C. § 1988. For the reasons stated below we conclude that because the plaintiff is a prevailing party with respect to the due process claim, the attorney's fee award should also account for the somewhat related claims of breach of employment contract and tortious interference with contractual relations. We also conclude that the defamation claim cannot be taken into account because it is unrelated to the successful due process claim.

## DISCUSSION

When a prevailing party has not achieved complete success, the party is not automatically entitled to all attorney's fees requested. The appropriate analysis for such cases is found in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *Hensley* dictates that where a party has prevailed only on a certain number of claims, and the unsuccessful claims are legally distinct from the successful claim, the time spent on the unsuccessful claims should be accordingly discounted from the total attorney's fee award. Where there are legally related claims, the Court must analyze the significance of the overall relief obtained in relation to the hours reasonably expended. Related claims are de-

fined as claims involving a common core of facts and based upon related legal theories. A plaintiff may be considered "prevailing" if he succeeds on " 'any significant issue in litigation which achieves some benefit the parties sought in bringing suit.' " *Hensley* 461 U.S. at 433, 103 S.Ct. at 1939 (1983) (quotation omitted).

■ In light of the testimony presented at the hearing of November 2, 1990, the Court concludes that the plaintiff prevailed with respect to the due process claim, because the judgment of $3,000.00 was based upon the due process cause of action. In addition, the breach of employment contract claim, tortious interference with contractual relations claim and the due process claim were all claims involving a common core of facts and based on the related legal theories, but the defamation claim is completely distinct from that of the successful due process claim. Even though Ms. Sandoval testified that the ad hoc report which the defamation claim was based upon, also formed the basis of the due process claim, it is this Court's legal opinion that the defamation claim involved research and legal strategy which could for the most part be distinguished by the work which was demanded from the due process claim. The congressional intent to limit attorney's fees awards to prevailing parties in civil rights actions, requires that those unrelated claims be treated as if they had been raised in separate law suits. *Texas State Teachers v. Garland Indep. School D.*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). Therefore, the plaintiff can only be considered a prevailing party as to the due process claim and those claims closely related to it. The additional work which was expended on issues outside of the common core of facts and involved unrelated to legal theories, will not be taken into consideration in calculating the attorney's fee award.

■ After reviewing the schedules of fees submitted by Ms. Sandoval, it is apparent that there is no clear breakdown reflecting the time spent on plaintiff's different claims. Cognizant that there is no precise rule or formula for making these de-

**18**

terminations and that a court must exercise discretion in making this equitable judgment. *Hensley,* 461 U.S. at 436–37, 103 S.Ct. at 1941. We conclude that a ¼ reduction of the requested attorney fees appropriately reflects the lack of success which resulted from work related to the defamation claim. Thus the requested amount of $36,906.25 should be reduced to $27,679.69. In contrast, the tortious interference with contractual relations and breach of employment contract claims are more closely related to the successful due process claim, so that the research expended on these unsuccessful claims should each be reduced by only 40%. The most critical factor in determining whether a fee can be awarded is the *degree* of success obtained. *Texas State Teachers,* 109 S.Ct. at 1492 (emphasis added). Thus, an adjustment of $7,381.24 from the total requested reflects the nonsuccess of the related claims. The attorney's fee award is therefore amended to the amount of $20,298.45.

■ Ms. Sandoval work paginating and binding the appendix is clerical work which cannot be compensated at her normal billing rate of $125.00 per hour. Instead the Court awards the plaintiff attorney's fees at the rate of $40.00 per hour for the 10 hours of clerical work which she performed. The $20,298.45 award is accordingly reduced by $850.00 ($1,250.00—$400.00), for a final total of $19,448.45.

The defendant failed to object to the Bill of Costs which the plaintiff filed on April 5, 1989, within 10 days after service as required by Fed.Proc.Rules Service, District Court for the District of Puerto Rico, Rule 331(2) (1990). Therefore the Court awards the plaintiff the entire $6,239.69 costs amount requested.

The plaintiff's Motion for Return of Non–Resident Bond is hereby GRANTED. The plaintiff's request for removal of $3,000.00 deposited by the defendant pursuant to a judgment and order of the First Circuit Court of Appeals is hereby GRANTED. The clerk shall act accordingly. The defendant has agreed to deposit a new $3,000.00 check with the Court if the original check is too old to be honored by a bank.

CONCLUSION

Determining the extent of plaintiff's success is a practical question which involves a qualitative as well as quantitative judgment. *Aubin v. Fudala,* 782 F.2d 287, 290–91 (1st Cir.1986). Therefore we conclude that the $19,448.45 figure for attorney's fees and $6,239.69 amount for costs adequately reflects the "partial" victory plaintiff obtained. This award is proper in relation to the degree of success achieved in this case.

IT IS SO ORDERED.